UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAREN HYLAND, *et al.*,<br><br>　　　　Defendants. | Case No. C05-0266RSL<br><br>ORDER DENYING MOTION TO APPOINT KAREN HYLAND AS PERSONAL REPRESENTATIVE |

## I. INTRODUCTION

This matter comes before the Court on a motion (Dkt. #29) filed by plaintiff the United States of America (the "United States") to appoint defendant Karen Hyland as the personal representative of the Estate of Danie W. Hyland (the "estate") and to amend the pleadings to substitute her, as personal representative of the estate, for defendant David Hyland under Federal Rule of Civil Procedure 25(a)(1).

For the reasons set forth below, the Court denies the United States' motion.

## II. DISCUSSION

The United States filed this action on February 15, 2005 against Danie Hyland and Karen Hyland to collect unpaid federal income tax liabilities. On or about February 21, 2005, Danie Hyland died. His will appointed Cathy Betts, who the filings identify as his care-giver/partner, as the personal representative of the estate. The United States filed an amended complaint

ORDER DENYING MOTION - 1

substituting Ms. Betts and Danie Hyland's son David Hyland, as personal representatives of the estate, for Danie Hyland. Both Ms. Betts and David Hyland subsequently declined to serve as representatives, and they have been dismissed as defendants. No probate case has been filed, and one is unlikely because the estate has no assets. The Unites States moves to appoint Karen Hyland, Danie Hyland's ex-wife, as personal representative and to substitute her for the estate pursuant to Rule 25(a)(1), which permits substitution of a party by reason of death.

The United States currently has federal tax liens encumbering real property which was owned by Danie and Karen Hyland as community property and is now owned by Karen Hyland. The United States seeks judgment against the estate to protect its liens on the property.

Assuming that the Court has jurisdiction to appoint a representative for the estate,[1] it declines to appoint Karen Hyland because she has at least a potential conflict of interest. The tax liabilities are joint and several liabilities owed by Karen Hyland and the estate. The United States argues that there will be no conflict "as long as the total amount owed by [Karen Hyland] and the Estate remains the same." United States' Reply at p. 4. However, the Court cannot assume that the only matters to adjudicate will be enforcement and collection. This litigation could address the total amounts owed, via Karen Hyland's "innocent spouse" defense or some other issue. In that event, the conflict would be actual rather than just potential.

Furthermore, the Court declines to appoint Karen Hyland because she does not want to serve as personal representative. Her position is understandable given the potential conflicts and the fact that she is the decedent's ex-wife. Although the claims against the estate cannot proceed without a representative, the United States does not argue that there are no other potential personal representatives. Indeed, it permitted both Ms. Betts and David Hyland to withdraw as

---

[1] Although appointing a personal representative could arguably be construed as "administering an estate," the probate exception to federal court jurisdiction is unlikely to be implicated if the Court appoints a representative for the limited purpose of this litigation and while no probate matter is proceeding or contemplated. See, e.g., Marshall v. Marshall, 547 U.S. 293 (2006). The Court need not decide the issue at this time.

ORDER DENYING MOTION - 2

1  representatives either by stipulation or without objection.  The Unites States notes that it will
2  seek to collect the estate's liabilities by foreclosing on the liens encumbering the real property,
3  so Karen Hyland is effectively the real party in interest for all claims.  Nevertheless, the Court
4  will not compel Karen Hyland to serve as personal representative against her will and despite the
5  potential conflicts of interest.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES the United States' motion (Dkt. #29).

DATED this 14th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION - 3